IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00843-MSK-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-11,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 4, 2012.**

    Before the Court is a Motion to Dismiss Doe No. 2 and, in the Alternative, Motion to Quash Subpoena and Motion for Protective Order [filed June 22, 2012; docket #20] filed by John Doe #2.

    First, with respect to Doe 2's request to quash, none of the parties have filed the subpoena to which Doe 2 objects. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted).

    With respect to the remainder of the motion, due to its varied requests for relief, adjudication of the single motion will likely require different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court **denies** the motion **without prejudice** and instructs Doe 2 to file his remaining requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")